<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4220**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

       v.

JAMARRIO DOBBS, a/k/a Sleepy,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, District Judge.  (2:04-cr-00047-1)

Submitted:  April 24, 2009         Decided:  May 12, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louie Thompson Price, HOLROYD & YOST, Charleston, West Virginia, for Appellant. John J. Frail, Erik S. Goes, Samuel D. Marsh, Assistant United States Attorneys, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamarrio Dobbs appeals his sentence for possession with intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West Supp. 2008). The district court initially sentenced Dobbs to 188 months' imprisonment, followed by five years of supervised release. Dobbs subsequently moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2006). The district court granted the motion and resentenced Dobbs to the statutory mandatory minimum of 120 months' imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the district court erred by not imposing a term less than the statutorily required minimum sentence. Although advised of his right to do so, Dobbs has not filed a pro se supplemental brief. Finding no error, we affirm.

Possession of fifty or more grams of cocaine base with the intent to distribute carries a mandatory 120-month minimum sentence. 21 U.S.C. § 841(b)(1)(A)(iii) (2006). The district court did not have authority under 18 U.S.C. § 3553(e) (2006) to impose a sentence below the statutory minimum because the Government did not move for a downward departure to reflect substantial assistance with law enforcement. Likewise, Dobbs did not qualify for the safety valve provision, 18 U.S.C.

2

§ 3553(f) (2006). In sum, the district court was bound by the mandatory minimum sentence prescribed by § 841(b)(1)(A)(iii). See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("[A] district court has *no* discretion to impose a sentence outside the statutory range established by Congress for the offense of conviction.").

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment. This court requires that counsel inform Dobbs, in writing, of the right to petition the Supreme Court of the United States for further review. If Dobbs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dobbs.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED